UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANOUSHKA GUPTA;<br>   16 Cedar Crest, Nirvana Country<br>   South City-2<br>   Gurgaon, Haryana 122018<br>   India<br>               Plaintiff(s)<br><br>           v.<br><br>MARCO RUBIO, in his official capacity,<br>Secretary, U.S. Department of State;<br>SHANE MYERS, in his official capacity,<br>Acting Principal Deputy Assistant Secretary,<br>Bureau of Consular Affairs;<br>CHRISTOPHER W. HODGES, in his official<br>capacity, Consul General, Consulate General of<br>the United States in Chennai, India;<br>   U.S. Department of State<br>   2201 C St. NW<br>   Washington, DC 20520<br><br>               Defendant(s). | Civil Action No. 1:25-cv-967 |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-767-9030, Email: sadaf@jeelani-law.com.

1

# INTRODUCTION

COMES NOW ANOUSHKA GUPTA (hereinafter "Plaintiff GUPTA" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff is an Indian national who is currently employed as a Program Manager with Stripe Inc. [EXHIBIT A]. Her employment was authorized through her selection and qualification as an H-1B employee under the H-1B lottery system during the 2020/2021 fiscal year. Plaintiff returned to India in December 2024, and applied for the renewal of her H-1B visa by submitting her documents with the U.S Visa Application Center in New Delhi, India, which then sent her documents to the Consulate General of the United States, in Chennai, India, requesting the issuance of the corresponding H-1B visa stamp. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's nonimmigrant H-1B visa Application (hereinafter "Application") within a reasonable period of time [Case# AA00DWQFVR] and thereafter issue the corresponding H-1B visa stamp.

2. Plaintiff currently has valid H-1B visa status, which will expire on July 31, 2027. As such, Plaintiff returned to India to apply for H-1B visa and the issuance of the corresponding visa stamp in order to be able to return to the United States for resuming her employment with Stripe Inc. Plaintiff GUPTA submitted her required documentation, utilizing the Dropbox service under the Interview Waiver Program on December 4, 2024, which is intended to allow for expedited processing of the H-1B visa application. However, Plaintiff GUPTA's visa Application was placed under administrative processing and remains in this status now for almost four months without completion of processing or any explanation beyond a generic statement that the case is in "administrative processing", even though her online case status showed that her case had been approved. Furthermore, it is worth noting that the aforementioned visa type is often adjudicated in a matter of days for the vast majority of H-1B applicants.

3.     Plaintiff is at risk of losing her employment with Stripe Inc and her position as a Program Manager if she is unable to return to the United States by May 15, 2025. Without judicial intervention, Plaintiff will likely suffer devastating financial losses and a significant setback in her career and future in the United States, without the full and final adjudication of her H-1B Visa Application.

4.     Plaintiff has a clear right to adjudication of her Application within a timely manner. 22 CFR § 41.121(a) and 22 CFR § 41.106. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

5.     Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as Plaintiff successfully submitted her documents to the Visa Application Center in New Delhi, which were later sent to the Consulate General of the United States in Chennai, India, for further processing; as such, COVID-19 related issues do not prohibit an officer's ability to make a decision in this matter.

6.     Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application and issue the corresponding H-1B visa stamp.

## PARTIES

7.     Plaintiff ANOUSHKA GUPTA is an Indian national and currently being forced to reside in India[1] while waiting for the final adjudication of her nonimmigrant visa Application. She is the applicant of a properly filed Nonimmigrant Visa Application, Form DS-160 (AA00DWQFVR).

---

[1] Prior to returning to India to renew her H-1B nonimmigrant visa, Plaintiff was residing in New York. Although she has been forced to remain in India while the U.S. Consulate General continues to administratively process her Application, Plaintiff GUPTA has been maintaining her apartment New York.

8.      Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS").  He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies and Consulates around the world.  This action is filed against him in his official capacity.

9.      Defendant SHANE MYERS is the Acting Principal Deputy Assistant Secretary, Bureau of Consular Affairs. As Acting Principal Deputy Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs.  This action is filed against him in his official capacity.

10.     Defendant CHRISTOPHER W. HODGES is the Consul General, at the Consulate General of the United States in Chennai, India. He is the principal officer in charge of the Consulate General. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12.     Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

**EXHAUSTION OF REMEDIES**

13. The Plaintiff has repeatedly requested Defendants to make a final decision on her Application for over 23 weeks since submitting her Form D-160, Application. Furthermore, Plaintiff has initiated numerous inquiries with the Consulate General in Chennai, India, without any resolution.

14. Plaintiff has exhausted her administrative remedies. Plaintiff has supplied Defendants with documents that establish Plaintiff's eligibility to receive a nonimmigrant visa stamp to travel to the U.S. and resume her H-1B status.

15. There are no further administrative remedies available for Plaintiff to utilize.

**FACTUAL ALLEGATIONS**

16. Plaintiff's current Form I-129, Petition for A Nonimmigrant Worker was approved on August 19, 2024, with a validity period dating from August 8, 2024, to July 31 23, 2027. (Receipt # IOE0927129644). [**EXHIBIT A**].

17. Plaintiff GUPTA returned to India in December of 2024, to renew her H-1B visa and request the issuance of the corresponding H-1B visa stamp. She had properly submitted her Form DS-160, Nonimmigrant Visa Application on October 18, 2024 (Case# AA00DWQFVR). [**EXHIBIT B**].

18. On December 4, 2024, Plaintiff GUPTA submitted her H-1B visa Application under the Interview Waiver Program.

19. On December 10, 2024, Plaintiff's online case status showed that her application had been approved. Plaintiff did not receive any further information regarding her case and waited patiently for the return of her passport along with the corresponding H-1B visa stamp.

20. On January 17, 2025, Plaintiff's online case status was changed to reflect that her case had been placed under administrative processing, even though the U.S. Consulate General in Chennai,

India, had not issued a 221(g) Administrative Processing notice and nor has it scheduled her for an in person interview.

21. Since submitting her Application, Defendants have not requested any additional information or evidence and neither have they scheduled Plaintiff for an in person interview, yet they placed her application under administrative processing.

22. Plaintiff's inquiries have not resulted in any meaningful updates, only that Plaintiff's Application is undergoing administrative processing and without any indication as to when the adjudicative process will be completed.

23. Plaintiff GUPTA's Application now continues to remain in administrative processing status with the Consulate General of the United States in Chennai, India, for over 16 weeks since she submitted her documents via the Dropbox service under the Interview Waiver Program.

24. Plaintiff GUPTA timely applied to renew her H-1B visa and obtain the corresponding stamp, however, the Defendants ongoing delay in adjudicating her Application beyond May 15, 2025, will cause her to lose eligibility for the requested benefit and face termination from her employment unless she can return to the United States by that date.

25. The Department of State and the U.S. Consulate General in Chennai, India, refuse to allege an average processing time for non-immigrant visa applications. Moreover, the aforementioned agencies refuse to provide further explanation which would merit the need for over 16 weeks of processing time, especially given Plaintiff applied under the Interview Waiver Program. No additional information has been requested, nor has the U.S. Consulate in Chennai, India, notified Plaintiff that an interview is required. Instead, her case has merely been placed under administrative processing.

26.     As a result of Defendants delay, Plaintiff is at risk of losing her employment with Stripe Inc., and her position as a Program Manager, if she is unable to return to the United States prior to May 15, 2025. Without judicial intervention, Plaintiff will likely suffer devastating financial losses and a significant setback in her career and future in the U.S., without the full and final adjudication of her H-1B visa Application and the issuance of the corresponding H-1B visa stamp.

## VIOLATION OF THE APA

27.     All prior paragraphs are re-alleged as if fully stated herein.

28.     Plaintiff has a statutory right to an adjudication of her non-immigrant visa application. 8 U.S.C. § 1153(b).

29.     Defendants have a duty to adjudicate Plaintiff's Non-immigrant visa Application within a reasonable period of time under 5 U.S.C. §555(b), 22 CFR § 41.121(a) and 22 CFR § 41.106.

30.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

31.     No other adequate remedy is available to Plaintiff.

32.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate her Application.

33.     Given the Defendants' lack of a reason for not making a decision on Plaintiff's Application for over a total of 23 weeks since she properly submitted her DS-160 Application and for over 16 weeks, since the date she submitted her documents via the Dropbox service under the Interview Waiver Program, Plaintiff's Application has been pending for an unreasonably long period of time.

34.     Defendants have failed in their statutory duty to adjudicate the Application within a reasonable period of time.

35. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or not otherwise in accordance with the law, and in violation of Plaintiff's rights. Defendants have willingly and unreasonably delayed and have refused to take action on Plaintiff GUPTA's Application.

36. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff GUPTA's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff's case.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff GUPTA's Nonimmigrant visa Application and issue the corresponding H-1B visa stamp.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Nonimmigrant visa Application and issue the corresponding H-1B visa stamp immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  April 2, 2025                                                            Respectfully submitted,

  /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**Jeelani Law Firm, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
**Ph. (312) 767-9030**
**Fax: (312) 549-9981**
**Email: sadaf@jeelani-law.com**
*Local Counsel for Plaintiff*

8